**In re OLSTEN CORP. SECURITIES LITIGATION.**

**No. CV 97–5056(DRH).**

United States District Court,
E.D. New York.

July 10, 1998.

*MEMORANDUM OPINION
AND ORDER*

BOYLE, United States Magistrate Judge.

The plaintiffs in *Weichman v. Olsten Corporation, et al.* (CV 97–1946) and *Goldman v.*

*Olsten Corporation, et al.* (CV 97–4501) have jointly moved for reconsideration of the order of May 4, 1998, with respect to the designation of the Waldman Plaintiffs Group as lead plaintiff and court approval of its attorneys, Wechsler Harwood Halebian & Feffer and Faruqi & Faruqi, as co-lead counsel.

The motion for reconsideration is granted, however, on reconsideration, the court adheres to its original determination.

## APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

The first class action filed herein was the *Weichman* action, which was commenced on April 17, 1997. The class period in that action includes all persons who purchased Olsten common shares between May 31, 1996 and November 21, 1996. Pursuant to the requirements of Section 21D(a)(3)(A)(i) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on the date that the action was commenced, the plaintiff Weichman "published, in a widely circulated national business oriented publication or wire service, a notice advising members of the purported plaintiff class ... of the pendency of the action, the claims asserted therein, and the purported class period." PSLRA § 21D(A)(3)(a)(i); 15 U.S.C. § 78u–4(A)(3)(a)(i). In compliance with Section 21D(a)(3)(A)(i)(II), the Weichman notice provided that "[i]f you are a member of the class described above, you may, not later than 60 days from the date of this Notice, move the Court to serve as lead plaintiff...." *See 4/17/97 Notice of Pendency of Class Action Against Olsten Corporation and Others,* at 1–2, annexed at E to *Affidavit of Michael C. Spencer, Esq. in Support of Weichman Motion to Consolidate.*

The plaintiff, Waldman, acquired his stock ownership in Olsten Corporation on March 25, 1996. Thus, Waldman, who has been appointed lead plaintiff of the consolidated action, along with members of the Waldman Group,[1] was not a member of the potential class and was ineligible to apply for lead plaintiff in the *Weichman* action. Weichman was the only person in the *Weichman* class action to move the court to serve as lead plaintiff, and on June 26, 1997, Denis R. Hurley, *D.J.* appointed Gail Weichman as Lead Plaintiff and approved her counsel, Milberg Weiss Bershad Hynes & Lerach, as Lead Counsel in that action.

Waldman commenced his class action on August 5, 1997 and thereafter caused a notice to be published under Section 21(a)(3)(A)(i)(II) to the potential class members. The class period in *Waldman* is from March 6, 1996 to August 25, 1997. The *Cannold* action was commenced several weeks after *Waldman*—on September 19, 1997—and alleged a class period of March 6, 1996 to July 16, 1997. The *Goldman* action was commenced on August 5, 1997 and alleges a class period of March 6, 1996—July 16, 1997.

Weichman argues on the motion for reconsideration that because she was the sole plaintiff to timely move to be appointed lead plaintiff in the class action that she commenced, her appointment "may not now be overturned" and the applications for lead plaintiff filed by the *Waldman* and *Cannold* plaintiff groups "should have been rejected as a matter of law as being untimely," pursuant to Section 21D(a)(3)(A) and (B). *Notice of Motion to Reconsider (or in the Alternative to Clarify) the Court's May. 4, 1998 Order* at 13. Weichman premises her argument on Section 21D(a)(3)(A), which states:

(3) Appointment of lead plaintiff.

(A) Early notice to class members.

  (i) In general.—Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—

    (I) of the pendency of the action, the claims asserted therein, and the purported class period; and

---

**1.** Of the sixteen plaintiffs that make up the *Waldman* Plaintiffs Group, thirteen persons—representing at least 7,600 shares—purchased outside the *Weichman* class period. *See Exhibit A,* annexed to *Affidavit of Robert I. Harwood, Esq. in Support of the Motion of the Waldman Plaintiffs Group to Consolidate Certain Actions (and) For Appointment as Lead Plaintiffs.*

(II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

(ii) Multiple actions.—If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i).

(iii) Additional notices may be required under federal rules.—Notice required under clause (i) shall be in addition to any notice required pursuant to the Federal Rules of Civil Procedure.

PSLRA § 21D(a)(3)(A).

The problem with Weichman's argument is that Waldman—having purchased his interest on March 26, 1996—was not a member of the prospective class as defined by the *Weichman* complaint, *see Weichman Complaint* at ¶ 1 (defining purported class as "all purchasers of the common stock of Olsten . . . between May 31, 1996 and November 21, 1996."). Not having purchased during the class period defined in the *Weichman* action, Waldman was not eligible to apply to be lead plaintiff in that action. *See* PSLRA § 21D(a)(3)(A)(i)(II) ("any member of the proposed class may move to serve as lead plaintiff. . . ."). Moreover, Waldman did not file his complaint until August 28, 1997—approximately two months after Judge Hurley entered the uncontested order dated June 26, 1997 appointing Weichman lead plaintiff of that action. Therefore, the provision relating to "consolidated actions" which requires the court to defer any determination of lead plaintiff "until after the decision on the motion to consolidate is rendered" was not applicable at the time that Judge Hurley made his lead plaintiff determination in *Weichman,* since no other related class actions were then pending.

Notwithstanding these facts, Weichman argues on reconsideration:

Because neither Waldman nor Cannold plaintiffs made a motion within the statutorily required 60 day period in response to Weichman's Section 21(a)(3)A(i) notice (i.e. Weichman's April 17, 1997 notice) both Waldman and Cannold have forfeited any basis they might have to argue that they are entitled to a presumption of being most adequate plaintiff.

*Notice of Motion to Reconsider* at 15, dated May 15, 1998.

Weichman's argument that Waldman has forfeited his right to apply for lead plaintiff designation lacks merit. Waldman filed his action on August 28, 1997, several months after the lead plaintiff designation in *Weichman.* Moreover, he purchased his shares on March 25, 1996, two months prior to the commencement of the class period in *Weichman.* Thus, he was never eligible to apply for lead plaintiff prior to the time that that initial designation was made—June 26, 1997—in the *Weichman* class action. Waldman cannot be said to have forfeited the right to be considered lead plaintiff in the consolidated action under the circumstances presented herein.

The legislative history makes clear that the PSLRA was intended to curb abuses that existed prior to its enactment. Among these was the use of professional plaintiffs and the race to the courthouse to file a securities fraud complaint. H.Rep. No. 104–369, at ¶ 302 (1995) (reprinted in 1996 U.S.C.C.A.N. 730). To address this problem, the Act directs the court "as soon as practicable" after a decision has been rendered on the motion to consolidate to appoint "the most adequate plaintiff as lead counsel for the consolidation actions." Section 21D(a)(3)(B)(ii). The Act creates a rebuttable presumption that the most adequate plaintiff in any private action . . . is the person or group of persons that—

(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

PSLRA § 21D(a)(3)(B)(iii).

By establishing the presumptive criterion that the most adequate plaintiff is the one

who "has the largest financial interest in the relief sought by the class," PSLRA § 21D(a)(3)(B)(iii)(bb), Congress intended "to increase the likelihood that institutional investors will serve as lead plaintiffs...." S.Rep. No. 104–98, at ¶ 402 (1995) (reprinted in 1996 U.S.C.C.A.N. 679). Congress believed "that an institutional investor acting as lead plaintiff can be consistent with its fiduciary obligations, balancing the interest of the class with the long term interest of the company and its public investors." *Id.*

■ Weichman's interpretation of the statute unnecessarily confines the court's selection of lead plaintiff to the person designated in the first action and excludes persons in later-filed actions who were not previously eligible for such consideration. The court bears a special responsibility to ensure that the interests of all members of the consolidated securities fraud class action are well-represented. *See Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072, 1078 (2d Cir.1995) ("The ultimate responsibility to ensure that the interests of class members are not subordinated to the interests of either the class representatives or class counsel rests with the district court."). That responsibility is best fulfilled by a selection of the "most adequate plaintiff" drawn from among the four actions where, as here, the most adequate plaintiff was ineligible for such consideration when the designation of lead plaintiff was made in the first filed action.

## CONCLUSION

For the foregoing reasons and those stated in the May 4, 1998 order, the court adheres to the original determination of lead plaintiff and lead counsel. In all other respects, the motion for reconsideration and clarification is denied.

SO ORDERED.